(77 Misc. Rep. 590.)

### HARRIS v. BROADWAY SAVINGS INST.

(Supreme Court, Special Term, New York County. September 11, 1912.)

1. INFANTS (§ 85*)—GUARDIAN AD LITEM—DEPOSIT OF FUNDS BY GUARDIAN IN HIS NAME AS GUARDIAN—LIABILITY.

   A guardian ad litem of infants, who gives the undertaking required by Code Civ. Proc. § 744, and who without order of court deposits as such guardian in a savings bank proceeds of actions brought by him for the infants, is not relieved of liability to the infants.

   [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 246, 247; Dec. Dig. § 85.*]

2. DEPOSITS IN COURT (§ 4*)—"MONEY PAID INTO COURT"—BY GUARDIAN AD LITEM.

   A deposit by a guardian ad litem of infants of proceeds of actions brought for the infants in a savings bank, not a designated depository of funds of the court and not made under any order of the court, is not "money paid into court," within Code Civ. Proc. § 744a, and the court may not direct its transfer to the city chamberlain.

   [Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*

   For other definitions, see Words and Phrases, vol. 2, pp. 1995–1999; vol. 8, p. 7634.]

Application by Edwin S. Harris as Deputy Comptroller of the City of New York, for an order transferring the moneys and securities paid into court from the Broadway Savings Institution of the County of New York to the City Chamberlain of the City of New York. Denied.

Thomas Carmody, Atty. Gen., for petitioner.
Richard Kelly, for Broadway Savings Inst.

NEWBURGER, J. The State Comptroller seeks to have certain moneys standing in the name of guardians ad litem now on deposit with the Broadway Savings Institution paid by said institution to the city chamberlain. Section 744a, under which this application is made, provides as follows:

"The Comptroller may examine the books, accounts and vouchers of every bank and trust company in the state in any wise relating to moneys and se-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eurities paid into court under an order of any court of record, and where the same has not been paid to the chamberlain of the city of New York or to any county treasurer of the state, the Comptroller, upon an application duly made, shall be entitled to an order directing the payment and transfer of all such money and securities from any of such banks and trust companies to the treasurer of the proper county, and in the city of New York to the city chamberlain."

[1, 2] It appears that the Comptroller, pursuant to the power given him, caused an examination to be made of the Broadway Savings Institution, and there found that certain moneys had been deposited by certain guardians ad litem. This bank is not a designated depository of funds of the court, nor was there any order made by the court directing guardians to deposit such funds with said savings bank. The moneys were collected by the respective guardians ad litem as the proceeds of actions brought by them, and were received directly from the defendants in the respective actions. The question presented is: Were such deposits to be considered as moneys paid into court within the meaning of section 744a?

Special guardians are appointed by the court for a particular object, namely, to prosecute or defend an action, and when moneys are paid over to them upon a recovery in such action, such special guardians are required to file an undertaking in double the amount of such recovery. See section 744 of the Code. The mere fact that such special guardian may deposit moneys belonging to the infant in his name as special guardian does not bring the case within the meaning of moneys to be paid into court as provided by section 744a. The infant is protected by the bond given by the special guardian. The mere adding of the words "special guardian" by the depositor does not change his position nor relieve him of liability to the infant.

I am of the opinion that section 744a does not authorize this court to direct the deposits with the Broadway Savings Institution to be transferred to the city chamberlain; therefore this application. is denied.

Settle order on notice.